# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

UNITY COMMUNICATIONS CORPORATION                                    PLAINTIFF

v.                                                    Civil Action No 2:03cv115-KS-MTP

AT&T MOBILITY LLC                                                   DEFENDANT

## ORDER DENYING MOTION [264]

This matter is before the court on the Plaintiff's Motion to Determine the Sufficiency of Defendant's Answers and Objections to Plaintiff's Requests for Admission [264]. Having considered the submissions of the parties and the applicable law, the court finds that the Motion [264] should be denied.

In its Motion [264], Plaintiff claims that Defendant's responses to its Requests for Admission ("RFA") served on April 15, 2009, are "wholly inadequate" and demonstrate Defendant's "gamesmanship in preventing Unity from discovering the true relationship between ATTM predecessor BSCC and the other BellSouth entities, including the retail stores." *See* Motion [264] at 8; *see also* Ex. 17 to Motion [264-3]. Plaintiff alleges that because Defendant's objections to the RFAs are unfounded and the answers are insufficient, the court should require Defendant to amend its answers or deem each request admitted.

Defendant claims that Plaintiff's Motion [264] should be denied on the following grounds: 1) the RFAs are based on a meritless legal theory; 2) Plaintiff's RFAs and the instant motion are untimely and Plaintiff cannot satisfy the "good cause" standard or the "excusable neglect" standard; 3) the RFAs are an improper use of discovery and should be denied; and 4) Defendant's answers and objections to the RFAs are sufficient. *See* Response [282].

The court agrees with Defendant's assertion that Plaintiff's RFAs are untimely under Local Rule 26.1(B), which provides that discovery requests must be propounded sufficiently in advance of the discovery deadline so that all responses will be due and all depositions concluded by the discovery deadline.[1] *See* Uniform District Court Rules, 26.1(B)(1) and (2); *see also Barnett v. Tree House Café, Inc.*, No. 5:05-cv-195-DCB-JMR, 2006 WL 3083757, at *2 (S.D. Miss. Oct. 27, 2006). The court further notes that Plaintiff's Motion [264] is untimely, as it was not filed sufficiently in advance of the discovery deadline so as not to affect the deadline, as required by Local Rule 7.2(B)(2). *See Applewhite v. United States*, No. 3:07-cv-162-WHB-LRA, 2008 WL 4539625, at *1 (S.D. Miss. Oct. 07, 2008) (denying motion to compel as untimely under Local Rule 7.2(B)(2)); *Seiferth v. Helicopteros Atuneros*, No. 4:03CV463-P-B, 2008 WL 5234416, at *1 (N.D. Miss. Dec. 12, 2008).

Plaintiff has failed to establish good cause for its failure to timely serve the RFAs and file the instant discovery motion. This action has been pending for over six years. While the court is aware that discovery in this action was stayed for a period due to interlocutory appeals to the Fifth Circuit, the stay was lifted on July 15, 2008. *See* Case Management Order [163]. The court set the discovery deadline for March 20, 2009, and the motion deadline for April 5, 2009. *Id.* The court has since extended those deadlines to April 3, 2009 and April 17, 2009, respectively, and

---

[1] Plaintiff's RFAs were served on April 3, 2009, the day of the discovery deadline. *See* Order [189]. Despite their untimeliness, Defendants answered the RFAs.

The court notes Defendant's argument that Plaintiff's RFAs are an improper use of discovery and should be denied. As used here, the RFAs are clearly a discovery device. *See* Case Management Order [163] ¶ 4; *see also Jarvis v. Wal-Mart Stores, Inc.*, 161 F.R.D. 337, 339 (N.D. Miss.1995) (stating "it has been the policy of this court to treat requests for admission as a discovery device for purposes of establishing a deadline for service upon the other party"); *Moten v. Waste Management of Texas, Inc.*, 161 F.3d 8, 1998 WL 723863, at *1 (5th Cir. Oct. 6, 1998) (recognizing requests for admission as discovery device for purposes of case track).

specifically advised the parties "that they have received the maximum possible extensions and to govern themselves accordingly." *See* Order [189] at 2. Contrary to the parties' apparent belief, both the discovery process and this case cannot last forever.

Defendant correctly points out that Plaintiff waited over 90 days after the case management conference to propound any discovery requests. *See* Notice of Service [173]. Defendant further claims that Plaintiff had notice that there would be a dispute regarding the issues surrounding the RFAs as early as December 22, 2008, after the attorney conference.[2]

Nevertheless, the court notes that Defendant did, in fact, answer the RFAs. While the Defendant's response to the RFAs does contain verbose objections and superfluous prefatory comments, Defendant ultimately denied each request, essentially rendering the comments and objections of no effect. *See* Ex. 17 to Motion [264-3]. Accordingly,

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Determine the Sufficiency of Defendant's Answers and Objections to Plaintiff's Requests for Admission [264] is DENIED.

SO ORDERED this 6th day of May, 2009.

s/ Michael T. Parker
United States Magistrate Judge

---

[2] Defendant argues that Plaintiff's Second Set of Requests for Production Nos. 29 and 30 involve the same issues surrounding the RFAs in dispute. *See* Ex. 1 to Motion [264-2]; *see also* Exs. A and B to Response [282-2].